■ In the Matter of the Claim of JOSEPH M. SEMKOW, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 805] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 31, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was placed on indefinite suspension upon returning to work after a week-long illness. On December 28, 1995, claimant inquired about the meaning of an indefinite suspension but was told to talk to his employer "after the New Year". Claiming to be confused about the meaning of "after the New Year", claimant, who admitted that he was never discharged, chose not to return to work. He concluded that if his employer wanted him back the employer would call and, furthermore, he was too embarrassed about the teasing from his co-workers. Claimant's employer testified that had claimant returned, work was available. Neither anticipation of discharge (see, Matter of Robertson [Hudacs], 206 AD2d 563) nor harassment by co-workers (see, Matter of Mielewski [Sweeney], 227 AD2d 805, 806; Matter of Hogan [Schenectady Discount Corp.—Levine], 50 AD2d 650) constitute good cause for leaving employment. Because substantial evidence supports the Unemployment Insurance Appeal Board's finding that claimant voluntarily left his employment without good cause, the decision is affirmed.

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.