■ In the Matter of the Claim of ANA J. SANTIAGO, Appellant. COMMISSIONER OF LABOR, Respondent. [727 NYS2d 764] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 31, 2000, which ruled that claimant was

disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a machine operator, and other fellow employees objected to the mandatory weekend overtime schedule posted by the employer. The employer instructed claimant to go home and return on Monday for a meeting. On Monday, claimant was informed that she was suspended for two days due to her conduct. Claimant left and failed to return to work at the end of the two days. The employer terminated claimant's employment on the ground of abandonment. The Unemployment Insurance Appeal Board ruled that claimant voluntarily left her employment without good cause. Inasmuch as claimant failed to return to work following her suspension because she was dissatisfied with the overtime hours, we find no reason to disturb the Board's decision that claimant voluntarily left her employment without good cause, especially where, as here, continuing work was available to her (see generally, Matter of Semkow [Sweeney], 239 AD2d 759). Although claimant asserts that the overtime hours were a substantial change in her employment conditions, testimony at the hearing established that the policy had been in effect for two years.

Next, we reject claimant's assertion that she was denied the right to cross-examine the employer's witnesses. Claimant failed to request a subpoena to compel the testimony of Chris Wendt, the department manager, who submitted a memorandum documenting two meetings with claimant regarding her refusal to work overtime (see, Matter of Eckler [Commissioner of Labor], 254 AD2d 672). To the extent that claimant asserts that she was not given an opportunity to cross-examine the human resource administrator, we note that the Administrative Law Judge disregarded the administrator's hearsay testimony and adjourned the hearing in order to obtain testimony from an employee with first-hand knowledge of the incident involving claimant. Finally, the record establishes that claimant declined the opportunity to cross-examine her supervisor. Claimant's remaining contention has been reviewed and found to be without merit.

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.