■ In the Matter of the Claim of JIRO UEMURA, Appellant. LENGE RESTAURANT, Respondent; COMMISSIONER OF LABOR, Respondent. [764 NYS2d 213] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 23, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant resigned from his employment as a waiter following his family's request that he return to his native Japan to help care for his disabled mother. Two days after his resignation, however, claimant was informed that alternate arrangements had been made for his mother's care, rendering his relocation unnecessary. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving benefits, having left his employment for personal and noncompelling reasons.

A claimant's relocation, undertaken for the purpose of caring for an ailing relative, may constitute good cause for leaving employment only upon a showing of "compelling medical necessity" (*Matter of Lugo [Commissioner of Labor]*, 294 AD2d 689 [2002]; *see Matter of Stewart [Commissioner of Labor]*, 275 AD2d 552 [2000]). Claimant made no showing of medical necessity here and, indeed, the record discloses that it soon became unnecessary for him to relocate.

In addition, by immediately resigning, rather than requesting a leave of absence, claimant failed to take reasonable steps to protect his employment (*see Matter of Jing Ying Zeng [Commissioner of Labor]*, 268 AD2d 747 [2000]; *Matter of Scarlino [Sweeney]*, 243 AD2d 800 [1997]). We conclude that substantial evidence supports the Board's decision finding that claimant left his employment without good cause; hence, it will not be disturbed. Claimant's remaining contentions have been examined and found to be without merit.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.