■ In the Matter of the Claim of GARY S. VERTIGAN, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 403]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 28, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked in the employer's warehouse as an inventory control supervisor for over 25 years. His wife began receiving harassing telephone calls at her office which implicated claimant in having extramarital affairs with female coworkers. Claimant suspected that the calls were being made by someone at work and brought it to the attention of the warehouse manager who, upon reviewing certain telephone records, determined that the calls were not made from within the warehouse. Upon contacting the telephone company, claimant discovered that the calls were coming from three public telephone booths about a quarter of a mile away from the warehouse. He hired a private investigator, but the caller was

not identified. The calls continued and claimant's vehicle was vandalized in the employer's parking lot. As a result, claimant resigned from his position. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the ground that he voluntarily left his employment without good cause. Claimant appeals.

Even assuming that it was a coworker who was responsible for harassing claimant, the circumstances described by claimant do not constitute good cause for leaving one's employment (see Matter of Semkow [Sweeney], 239 AD2d 759 [1997]; Matter of Elkan-Moore [Hudacs], 191 AD2d 914 [1993]). Notably, claimant has not demonstrated reasonable grounds for concluding that his safety was in jeopardy (see Matter of Weaver [Commissioner of Labor], 6 AD3d 857, 858 [2004]). Furthermore, he failed to take reasonable measures to protect his employment by taking leave time to address the problem or utilizing the employee assistance program prior to tendering his resignation (see Matter of Warmsley [Commissioner of Labor], 32 AD3d 1059, 1059-1060 [2006]; Matter of Uemura [Lenge Rest.—Commissioner of Labor], 308 AD2d 632 [2003]). Finally, the hearing transcript reveals that claimant failed to request representation at the hearing and thus, he may not now claim that it was improperly denied. Accordingly, we find no reason to disturb the Board's decision.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.