◼ In the Matter of the Claim of CAROL J. DE WITT, Appellant. COMMISSIONER OF LABOR, Respondent. [732 NYS2d 462] —Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left her employment as an.X-ray technician without good cause. The record clearly establishes that claimant walked out of a meeting stating that she was quitting and left the premises prior to the end of her shift. She complained that she was being forced to work for two hours per day with a co-worker who had allegedly directed threatening obscenities toward her six months earlier. Several days later, claimant rejected the employer's offer to work an alternate shift at a different location where she would not have to work with this co-worker.

Although fear for one's safety may constitute good cause for leaving employment, the record in this matter does not support claimant's contention that there were reasonable grounds to believe that her personal safety would have been jeopardized (*see, Matter of Gardiner [Commissioner of Labor]*, 272 AD2d 709; *Matter of Pegas [Loral Elec. Sys.—Sweeney]*, 228 AD2d 761). Despite the fact that no disciplinary action was taken by the employer after claimant reported the co-worker's earlier threats, there was no evidence of any further threatening incidents between claimant and the co-worker. In fact, the evidence indicated that claimant and the co-worker simply could not get along and therefore avoided each other during working hours. Failure to get along with a co-worker does not constitute good cause for leaving employment (*see, Matter of Gardiner [Commissioner of Labor], supra*). Furthermore, a claimant's decision to quit rather than accept an alternate shift has been held not to constitute good cause for leaving one's employment (*see, Matter of Neville [Commissioner of Labor]*, 264 AD2d 918).

Accordingly, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause (*see, Matter of Camerino [Vassar Coll.—Sweeney]*, 222 AD2d 796).

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.