■ In the Matter of the Claim of ELIZABETH B. WALLS, Appellant. COMMISSIONER OF LABOR, Respondent. [733 NYS2d 798] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 1, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant had been employed for nine years as a school safety officer by the New York City Police Department when she resigned from her position and moved to North Carolina. Her subsequent application for unemployment insurance benefits was denied on the ground that she had left her employment without good cause. Claimant appeals from this decision, contending that her resignation was involuntary, having been motivated by concern for her physical safety and that of her children engendered by an incident in her apartment building during which she observed an individual brandishing a gun as he fled from a robbery.

Fear for one's safety may be found to constitute reasonable cause for resigning if there is evidence that remaining in a job would jeopardize the claimant's physical well-being (see, Matter of Gardiner [Commissioner of Labor], 272 AD2d 709). There is insufficient evidence in the record presented here, however,

to support claimant's contention that the situation in her apartment building was in any way related to her employment or that remaining in her job would by itself have threatened her physical safety (*see, Matter of Torres [Sweeney]*, 241 AD2d 743, 744; *Matter of Weinstein [Benartex, Inc.—Hudacs]*, 207 AD2d 942, 943). It is noteworthy that claimant did not make the move that precipitated her resignation until 18 months after witnessing the incident in her apartment building; nor is there evidence that she endeavored to safeguard her employment during the intervening months by seeking housing in a more secure neighborhood (*see, Matter of De Carlo [Hartnett]*, 179 AD2d 859; *Matter of Ollinger [Hartnett]*, 176 AD2d 433). On the record before us, we conclude that substantial evidence supports the decision that claimant left her employment for personal and noncompelling reasons while work was still available.

Cardona, P. J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.