In the Matter of the Claim of FRANCES T. GULLY, Appellant. COMMISSIONER OF LABOR, Respondent. [778 NYS2d 212]—

Crew III, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 9, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant made repeated complaints to her employer and others concerning what she believed to be the deliberate placement of pubic hair on or around the toilet seat in an office bathroom near her desk. In response, the employer discussed the matter with claimant and her coworkers, instructed the cleaning staff to be diligent in cleaning the restrooms and asked two of claimant's coworkers to check the restroom in advance of claimant's arrival at work. Thereafter, in response to an apparent public outburst by claimant regarding the issue, claimant was warned in writing that her behavior was unacceptable and that a repeat occurrence could result in her termination. Claimant thereafter ceased reporting to work and responded in writing to such warning alleging, inter alia, sexual harassment. Claimant subsequently mailed a letter to her employer in which she stated that the employer left her with no choice but to "remove" herself from her employment. In her claim for unemployment insurance benefits nearly a year later, claimant indicated that she had been fired by the employer. As a result, claimant received over $2,000 in benefits until the Department of Labor issued an initial determination finding, inter alia, that claimant was ineligible to receive benefits and charging her with a recoverable overpayment.

On this appeal from a decision of the Unemployment Insurance Appeal Board, claimant first contends that the Board erred in concluding that she voluntarily resigned without good cause. We cannot agree. Claimant's letter to the employer attempts to justify her resignation with reference to what she perceives as a "potentially dangerous situation of harassment." The employer, however, took measures to address claimant's concerns—including discussing the matter with the purported perpetrator—and found claimant's complaints exaggerated. "Although fear for one's safety may constitute good cause for leaving employment, 'it first must be shown that the claimant had reasonable grounds to conclude that his or her safety was, in fact, endangered' " (*Matter of Weaver [Commissioner of Labor]*, 6 AD3d 857, 857-858 [2004], quoting *Matter of Kreger [Commissioner of Labor]*, 291 AD2d 772, 772 [2002]). In our view, claimant's suspicions were founded more upon personal animus

between her and a coworker than upon any tangible evidence. Personality conflicts with one's coworkers do not constitute good cause for resignation (*see Matter of De Witt [Commissioner of Labor]*, 288 AD2d 601 [2001]; *Matter of Steates [Commissioner of Labor]*, 260 AD2d 839 [1999]).

We likewise conclude that the Board did not err in charging claimant for the overpayment of benefits she received due to her own willful misrepresentations (*see* Labor Law § 597 [4]). Although claimant contends that she claimed to have been "constructively terminated" at the time she initially applied for benefits, this created an issue of credibility for the Board to resolve (*see Matter of Petrillo [Commissioner of Labor]*, 2 AD3d 948 [2003]). We have reviewed claimant's remaining contentions and find them equally unpersuasive.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.