■ In the Matter of the Claim of Sharon B. Alexander, Appellant. Commissioner of Labor, Respondent. [797 NYS2d 610]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 4, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was working at a life insurance company as the supervisor of a claims center when she was informed by two of her superiors that a female subordinate had made comments to two other employees threatening to physically harm her. Upon investigating the incident and concluding that the subordinate did not pose a real danger, the employer offered to transfer the subordinate from under claimant's supervision. Dissatisfied with the employer's handling of the matter, claimant resigned from her position. After various proceedings, the Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the basis that she voluntarily left her employment without good cause, prompting this appeal.

Although fear for one's safety may constitute good cause for leaving employment, reasonable grounds must exist to support such a conclusion (*see Matter of Gully [Commissioner of Labor]*, 8 AD3d 792, 793 [2004], *lv denied* 4 NY3d 701 [2004]; *Matter of De Witt [Commissioner of Labor]*, 288 AD2d 601, 602 [2001]). Here, the subordinate told claimant that she did not mean what she had said and the contact that claimant had with the subordinate after the incident was uneventful. Moreover, the employer made efforts to accommodate claimant by offering her a different parking spot, changing her work schedule and transferring the subordinate, all to no avail. Under these circumstances, we find no basis to disturb the Board's finding that claimant left her job for personal and noncompelling reasons.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.