In the Matter of the Claim of KEITH E. SMITH, Appellant. NEW YORK CITY DEPARTMENT OF HEALTH & MENTAL HYGIENE, Respondent; COMMISSIONER OF LABOR, Respondent. [812 NYS2d 696]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 28, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as the Assistant Commissioner of Human Resources for the New York City Department of Health and Mental Hygiene from January 5, 2004 until May 14, 2004. Shortly after he was hired, claimant made a number of unpopular decisions involving the transfer and termination of staff members. As a result, the employer received anonymous letters complaining about claimant, including one containing an implied threat. In addition, claimant received hang-up calls at work, his personnel file was missing for two weeks and, on one occasion, someone rang the outside doorbell at his apartment building but refused to speak on the intercom when claimant answered. To address the situation, the employer undertook its

own investigation, requested caller identification for claimant's telephone, began monitoring interoffice e-mail, conducted a staff meeting advising employees of the proper manner of airing complaints and, after receiving the threat letter, referred the matter to the New York City Police Department. When the ongoing police investigation did not produce any results after a month, claimant resigned from his position. His claim for unemployment insurance benefits was initially denied, but an administrative law judge overruled that determination after a hearing finding that claimant had good cause for leaving his employment. Following a further hearing, the Unemployment Insurance Appeal Board disagreed, ruling that claimant was disqualified from receiving benefits on the ground that he voluntarily left his employment without good cause. This appeal by claimant ensued.

We affirm. Claimant correctly asserts that fear for one's personal safety may constitute good cause for leaving employment, provided a reasonable basis exists for such fear (*see Matter of Alexander [Commissioner of Labor]*, 19 AD3d 928, 929 [2005]). However, "[w]hether good cause exists for leaving one's employment is an issue of fact for the Board, whose decision will be sustained if supported by substantial evidence" (*Matter of Arroyo [Sweeney]*, 247 AD2d 745, 746 [1998]). Here, although a contrary result would not have been unreasonable, we cannot say that the Board's decision is not supported by substantial evidence in the record. The three letters included in the record appear to be authored by different individuals and were not sent to claimant, but to his supervisor. The first two are letters, complaining about claimant and his impact on fellow employees, contain nothing which might be construed as a threat. The third letter, received by the employer on April 4, 2004, included the following: "[Claimant] thinks we do no work and that we are poor people. If you cannot do anything with him, we will and want [*sic*] be nice about it!" The employer perceived this final letter as a potential threat and took immediate action. Following the employer's efforts thereafter to monitor and educate staff and the commencement of the police investigation, no further letters were received and the phone calls that claimant had been receiving ceased. Under these circumstances, we find that the Board's decision that claimant did not have a reasonable basis to fear for his safety to be adequately supported by the record (*see Matter of Gully [Commissioner of Labor]*, 8 AD3d 792, 793 [2004], *lv denied* 4 NY3d 701 [2004], *cert denied* — US —, 126 S Ct 1020 [2006]; *Matter of Weaver [Commissioner of Labor]*, 6 AD3d 857, 858 [2004]; *Matter of De Witt [Commissioner of Labor]*, 288 AD2d 601, 602 [2001]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.