■ In the Matter of the Claim of MARIANNE L. WILSON VIERA, Appellant. CITY SCHOOL DISTRICT OF CITY OF NEW YORK, Respondent; COMMISSIONER OF LABOR, Respondent. [852 NYS2d 410]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 7, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as an eighth grade English teacher at a school in New York City. She resigned from her position following a number of incidents in which she was verbally harassed and physically threatened by students. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, prompting this appeal.

Claimant maintains that she had good cause for leaving her job because she was concerned for her safety and well-being. We note that "[f]ear for one's safety may be found to constitute reasonable cause for resigning if there is evidence that remaining in a job would jeopardize the claimant's physical well-being" (Matter of Walls [Commissioner of Labor], 289 AD2d 678, 678 [2001]). "However, '[w]hether good cause exists for leaving one's employment is an issue of fact for the Board, whose decision

will be sustained if supported by substantial evidence' " (*Matter of Smith [New York City Dept. of Health & Mental Hygiene— Commissioner of Labor]*, 28 AD3d 846, 847 [2006], quoting *Matter of Arroyo [Sweeney]*, 247 AD2d 745, 746 [1998]).

Here, claimant was involved in four separate incidents with students between October and December 2006 during which she was called names, threatened with physical violence and treated with disrespect. However, the record indicates that claimant did not report all of these incidents to school officials and, in fact, the school principal took disciplinary measures against those students involved in the incidents which were reported. Although the work environment was undoubtedly stressful, there is no evidence that claimant's safety was in actual jeopardy or that school officials refused to respond to claimant's concerns. Therefore, while a contrary result would not have been unreasonable, substantial evidence supports the Board's decision (*see Matter of Smith [New York City Dept. of Health & Mental Hygiene—Commissioner of Labor]*, *supra*; *Matter of Trella [Commissioner of Labor]*, 253 AD2d 970 [1998]).

Cardona, P.J., Mercure, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.