Matter of Trezza (Commissioner of Labor) (2021 NY Slip Op 05063)





Matter of Trezza (Commissioner of Labor)


2021 NY Slip Op 05063


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

533072
[*1]In the Matter of the Claim of Nicholas Trezza, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Queens Legal Services, Jamaica (Cindy R. Katz of counsel), for appellant.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 10, 2020, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant was employed by the City of New York as a maintenance and filter plant operator at a public swimming pool during the summer season. Claimant resigned from his position because he believed that the working conditions in the maintenance facility, which was located in the basement of a building built in 1936, as well as problems with the water shut-off valve for the hair catcher that he had to clean as part of his duties created a dangerous work environment. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. Claimant appeals.
We affirm. "[W]hether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence" (Matter of Tineo [Commissioner of Labor], 117 AD3d 1307, 1308 [2014]; see Matter of Viera [City School Dist. of City of N.Y.-Commissioner of Labor], 48 AD3d 870, 870-871 [2008]). "Objections to the environmental conditions in the workplace will not [constitute good cause for leaving employment] unless the claimant can show reasonable grounds for the perception that his or her personal safety or health would be endangered thereby" (Matter of Micara [Commissioner of Labor], 307 AD2d 568, 569 [2003] [citation omitted]; see Matter of Gully [Commissioner of Labor], 8 AD3d 792, 793 [2004], lv denied 4 NY3d 701 [2004]). The record establishes that claimant reported to his supervisor that the valve on the hair catcher was stripped and that, when claimant cleaned it twice a day, he was unable to control the water that gushed out, necessitating the help of other coworkers to hold down the cover. Although the water-control valve to the hair catcher was not permanently fixed after the disrepair was reported by claimant, claimant's supervisor testified that, although it was difficult to clean, it was not unsafe and, in any event, he told claimant that he no longer was required to clean the hair catcher. To the extent that claimant pointed to other perceived hazardous conditions at the pool maintenance facility, including peeling paint, chlorine storage leaks and torn insulation around pipes, claimant's supervisor testified regarding the training and protective equipment provided and that the facility is inspected by two government agencies for safety at least once a year. The supervisor also testified that he was trying to accommodate claimant's request to be transferred to another assignment, but claimant resigned before a position became available. Furthermore, claimant admitted that he did not have any adverse health issues as a result of the working conditions[*2], nor did he consult with a doctor prior to resigning. Accordingly, we find that substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause (see Matter of Bielak [Commissioner of Labor], 105 AD3d 1226, 1226-1227 [2013]; Matter of Tedesco [Commissioner of Labor], 73 AD3d 1412, 1413 [2010]. We have reviewed claimant's contention that he was precluded from developing the record with respect to other hazardous working conditions and find it to be without merit.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.