(December 14, 1995)

■ In the Matter of the Claim of JUDITH A. KILGALLEN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [635 NYS2d 109] —Mercure, J. Appeals from two decisions

of the Unemployment Insurance Appeal Board, filed October 20, 1992 and February 27, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant began employment with Jardine Group Services, an insurance agency, in November 1989. Her starting salary was $20,000 and was raised to $21,400 in January 1991. In May 1991, claimant stated to her supervisor that because of her heavy workload, she would be obliged to resign her position as of July 5, 1991 unless her salary was increased. Claimant was informed by her supervisors on June 14, 1991 that her salary could not be raised and she was then asked if she intended to resign. Upon her affirmative response, claimant was given a letter of resignation, prepared by the employer's personnel department, made effective July 3, 1991 because the employer's office would be closed on July 4 and 5, 1991. Claimant was told that she could either sign the letter of resignation or prepare and sign such a letter herself. Claimant signed the letter and left the employer's premises for good on June 14, 1991. She was listed as an employee on the employer's books and paid as such through July 3, 1991.

Claimant's subsequent claim for unemployment insurance benefits was denied on the ground that she had voluntarily left her employment without good cause. On this appeal from the unfavorable decision of the Unemployment Insurance Appeal Board, claimant contends that the Board erred by finding that her departure from her employment was voluntary. We disagree.

An employee who leaves a job because of dissatisfaction with the amount of his or her salary has not left for "good cause" (see, Matter of Cattan [French & European Publs.—Hudacs], 187 AD2d 858; Matter of Crivelli [Hartnett], 179 AD2d 858), nor is it good cause to leave a job due to an increase in workload (see, Matter of Rosenfield [Hudacs], 205 AD2d 823). We find that the record contains substantial evidence that claimant left her employment of her own volition because of her dissatisfaction with her salary and workload, thereby justifying the Board's conclusion that claimant voluntarily left her job without good cause.

Claimant's remaining contention is that her right to due process was violated when a hearing to settle the record was held by telephone conference call in January 1995, necessitated by the inability of two of the necessary participants to attend the hearing in person. Telephone conference hearings are

specifically authorized "when it is practicable and in the interest of justice" (12 NYCRR 461.7 [c] [2]). A review of the transcript of this hearing discloses that the "transmission breakups", complained of by claimant, did not rise to the level of compromising claimant's right to due process.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.