■ In the Matter of the Claim of TERESA J. MIELEWSKI, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [642 NYS2d 437] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 14, 1994, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a publications designer, worked for a medical health plan for five years until April 21, 1992. On February 24, 1992, claimant's supervisor gave her a memorandum and warning concerning her work performance. Claimant filed a grievance pursuant to the employer's in-house staff grievance proce-

dure and, on March 11, 1992, she wrote a lengthy letter in rebuttal to the memorandum issued by her supervisor. While such grievance was pending, claimant was assigned a new immediate supervisor. It appears from the grievance chart submitted into evidence that the time in which a particular grievance may be completed varies depending upon the circumstances. The employer's witnesses testified that grievances directed to the employer's president would take anywhere from one to three months to resolve. With respect to claimant's grievance, she admits that she was told by the president in mid-March 1992 that he would consider her grievance after he returned from vacation. Claimant alleges that while such grievance was pending, she was ostracized by her co-workers.

On April 7, 1992, with her grievance still pending, claimant resigned, giving two weeks notice. Claimant then applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately determined that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. Claimant now appeals.

We affirm. In our view, substantial evidence supports the Board's determination that claimant voluntarily left her employment without good cause. It is well settled that neither an inability to get along with a supervisor nor criticism of an employee's work product by a supervisor constitutes good cause for leaving employment (see, Matter of Rossano [Hudacs], 181 AD2d 937). Further, based on this record, we agree with the Board that the fact that claimant's grievance was not resolved within five weeks after she filed it did not constitute good cause for her to quit her job (cf., Matter of Roth [Catherwood], 34 AD2d 1081). While claimant argues that the alleged ostracism by her co-workers created a hostile work environment which justified her decision to leave her employment, the Board clearly credited testimony from one of the employer's witnesses indicating that if claimant was avoided by her co-workers it was solely because she was difficult to work with. In any event, since there is no indication that claimant sought help from her employer because of any alleged mistreatment by her co-workers (see, Matter of Frenya [Sweeney], 212 AD2d 921), this alleged circumstance cannot provide good cause for her resignation.

Claimant's remaining arguments have been considered and found to be unpersuasive.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.