■ In the Matter of the Claim of TERESA M. TURANO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 813] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 27, 1995, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed for 10 months as the controller of her employer's accounting department. During her employment, claimant's workload and responsibilities increased beyond what she had expected due mainly to layoffs within the company. Although claimant received a raise and a year-end bonus, she believed that she was not being adequately compensated in relation to her workload and responsibilities. Claimant resigned due to her dissatisfaction with her job, which included the significantly increased workload and responsibility, inadequate compensation and lack of respect and cooperation by managers and co-workers. Even considering as a whole claimant's reasons for resigning from her position, we find that substantial evidence supports the Unemployment Insurance Appeal Board's decision to deny claimant unemployment insurance benefits.

· An increased workload or dissatisfaction with one's wages does not constitute good cause for leaving one's employment (*see, Matter of Volpe v Sweeney*, 232 AD2d 798; *Matter of Kilgallen [Sweeney]*, 222 AD2d 832). Furthermore, inasmuch as claimant failed to report or seek help from her employer for the mistreatment by her co-workers, there was no good cause for her to resign (*see, Matter of Mielewski [Sweeney]*, 227 AD2d 805, 806; *Matter of Frenya [Sweeney]*, 212 AD2d 921). Notably, the record reveals that claimant's employer attempted to resolve any problems or conflicts which she did report. In any event, a hostile work environment caused by the lack of cooperation and respect among co-workers does not constitute a compelling reason to leave one's employment (*see, Matter of Jakab [Hudacs]*, 186 AD2d 304). The Board's decision finding that claimant left her employment under disqualifying circumstances is, accordingly, affirmed.

Cardona, P. J., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.