■ In the Matter of the Claim of Luis H. VALENTIN, Appellant. COMMISSIONER OF LABOR, Respondent. [675 NYS2d 216] —Ap-

peal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a porter for a car dealership when he was issued a written warning by the employer indicating that he had been insubordinate on three separate occasions for refusing to perform certain employment duties. Claimant subsequently refused to empty oil receptacles as requested by the employer and he received another written warning advising that any further insubordination would result in his termination. When this warning was repeated to claimant at a meeting with the employer's manager, claimant announced that he would not empty the oil receptacles because he was underpaid. He then threatened to resign unless his salary was increased and walked off the job. Substantial evidence supports the ruling of the Unemployment Insurance Appeal Board that claimant voluntarily left his employment without good cause. Refusing to perform a reasonably assigned task and then resigning may amount to voluntarily leaving employment without good cause (*see, Matter of Valentino [Sweeney]*, 244 AD2d 642, *lv denied* 91 NY2d 811). Moreover, dissatisfaction with compensation does not constitute good cause for leaving employment (*see, Matter of Kilgallen [Sweeney]*, 222 AD2d 832). Claimant's testimony that he did not resign but was terminated was belied by his own previous statements, as well as other evidence in the record, and created a credibility issue for the Board to resolve (*see, Matter of Pappas [Sweeney]*, 236 AD2d 727).

White, J. P., Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.