■ In the Matter of the Claim of BRUCE S. PUTTERMAN, Respondent. WINSTON & WINSTON P.C., Appellant; COMMISSIONER OF LABOR, Respondent. [781 NYS2d 541]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 2003, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed as an attorney with a small law firm. Around the beginning of November 2002, the employer began questioning claimant about his future plans with the law firm. Claimant informed the employer that he could not commit to a long-term employment relationship with the firm because he was dissatisfied with the salary. No final date for claimant's departure was agreed upon and it was claimant's understanding that he would familiarize a new attorney with the office and files before he left. On November 25, 2002, the employer informed claimant that the following day would be his last day with the firm. At that time, claimant, who was concerned about his family's financial situation, had not yet begun looking for another job. The Unemployment Insurance Appeal Board ruled that claimant was eligible to receive unemployment insurance benefits, prompting this appeal by the employer.

The Board rationally found that claimant's unwillingness to commit to a long-term employment relationship, thereby indicating that he would eventually be leaving the firm sometime in the future, was insufficient to constitute a resignation. It was within the province of the Board to credit both

claimant's assertion that he intended to stay with the firm for several more months and his explanation of why he indicated on the unemployment insurance benefit questionnaire that he had quit (*see Matter of Crespo [Upton, Cohen & Slamowitz—Commissioner of Labor]*, 251 AD2d 842, 843 [1998]). Inasmuch as substantial evidence supports the Board's decision that claimant did not voluntarily leave his employment, it will not be disturbed (*see id.; Matter of Senator [Ross]*, 76 AD2d 652 [1980]).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.