■ In the Matter of the Claim of CARMELO FIGUEROA, Appellant. COMMISSIONER OF LABOR, Respondent. [797 NYS2d 599]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 20, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a courier for the employer. On November 7, 2003, he called the assistant manager to report that he had mistakenly taken home the keys to the employer's van. The van was parked in a location where it would be towed unless the keys were returned that evening and the vehicle moved. Claimant later spoke with the manager and got into a disagreement over his transportation back to the employer's premises to return the keys, which culminated in claimant quitting his job. After various proceedings, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. Claimant appeals.

An employee's resignation prompted by an unwillingness to follow an employer's reasonable directive does not constitute good cause for leaving employment (*see e.g. Matter of Valentin [Commissioner of Labor]*, 252 AD2d 620 [1998]; *Matter of Valentino [Sweeney]*, 244 AD2d 642 [1997], *lv denied* 91 NY2d 811 [1998]). Although claimant maintained that he was fired, his testimony was contradicted by that of his own witness and the manager, thereby presenting a credibility issue for the Board to resolve (*see Matter of Johnson [Commissioner of Labor]*, 10 AD3d 841 [2004]; *Matter of Priore [Sweeney]*, 231 AD2d 798, 799 [1996]). Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.