■ In the Matter of the Claim of ROSE A. FAHEY, Respondent. JOHANNA S. YOUNER, Appellant; COMMISSIONER OF LABOR, Respondent. [840 NYS2d 438]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 27, 2006, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by a physician and her duties included managing the office as well as being its receptionist for approximately six years. According to claimant, on the morning of Friday, May 19, 2006 she had to leave work before her employer

arrived because she fell ill. Claimant attempted to contact the employer, but was unsuccessful. The following day, a Saturday, she e-mailed the employer asking why she had not heard from her; the e-mail also discussed some of claimant's frustrations. The employer sent several responses citing to problems with claimant's work and at one point stating "let's just be done." In addition, claimant received a phone call from a coworker telling claimant that the employer asked the coworker to get the office keys back from her and claimant never returned to work. The Unemployment Insurance Appeal Board determined that claimant's employment had ended in a nondisqualifying manner and, as such, she was eligible to receive unemployment insurance benefits. This appeal by the employer ensued.

The factual issue of whether a claimant has voluntarily left employment is for the Board to resolve and its determination will not be disturbed so long as it is supported by substantial evidence in the record (*see Matter of Mineo [County of Erie—Commissioner of Labor]*, 307 AD2d 611 [2003]). Here, the Board concluded that claimant truly believed that she had been fired based on the communications from the employer. Given that the record contains substantial evidence to support the Board's factual findings, we affirm (*see Matter of Putterman [Winston & Winston P.C.—Commissioner of Labor]*, 10 AD3d 753 [2004]). To the extent that the employer's version of the circumstances leading to claimant's leaving differed from that of claimant, this conflict created a credibility issue for the Board to resolve (*see Matter of Crespo [Upton, Cohen & Slamowitz—Commissioner of Labor]*, 251 AD2d 842 [1998]). The employer's remaining contentions have been considered and rejected for lack of merit.

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.