█ In the Matter of the Claim of DAVID J. GRACE et al., Respondents. ASTROCOM ELECTRONICS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [893 NYS2d 660]—

Lahtinen, J.

Claimant David J. Grace worked in the purchasing department for the employer for more than a year and claimant Sheri A. Lepore worked as a sales representative for the employer for more than three years. Grace and Lepore had a personal relationship with each other which, they alleged, subjected them to constant harassment in the workplace. After Grace received a poor performance review, during which he was personally insulted, Grace complained to a member of human resources, who suggested he file a complaint with the Department of Labor. Grace immediately left work to file the complaint. Later that day, Lepore was called into a conference room with the company's owners and was questioned about Grace's behavior. Apparently, Lepore was also advised that she should stay away from Grace or it would cause problems with her employment. After the meeting, Lepore broke out into hives and was forced to leave work. After both Grace and Lepore failed to return to work, both were considered by the employer to have terminated their employment. Following hearings, an administrative law judge sustained the Department of Labor's initial determination disqualifying both claimants from receiving unemployment insurance benefits on the basis that they voluntarily separated

from employment without good cause. Subsequently, the Unemployment Insurance Appeal Board reversed that determination, finding that claimants were eligible for benefits because they had abandoned their employment for good cause. Upon reconsideration, the Board adhered to its prior decision. The employer appeals from both decisions and we now affirm.

Whether a claimant has voluntarily left employment is a factual issue to be resolved by the Board, and its determination will not be disturbed so long as it is supported by substantial evidence, despite the existence of evidence which would have supported a contrary result (*see Matter of Viera [City School Dist. of City of N.Y.—Commissioner of Labor]*, 48 AD3d 870, 871 [2008]; *Matter of Kuryla [Finger Lakes Community Coll.—Commissioner of Labor]*, 45 AD3d 1129, 1130-1131 [2007]; *Matter of Fahey [Youner—Commissioner of Labor]*, 41 AD3d 1124, 1125 [2007]). Here, the Board credited Lepore's testimony that, subsequent to Grace leaving to file a complaint about the employer, she was confined against her will and subjected to questioning and threats from the employer and that this behavior constituted harassment which created a hostile work environment (*compare Matter of Fradys [Commissioner of Labor]*, 308 AD2d 672, 673 [2003]; *Matter of Turano [Sweeney]*, 239 AD2d 747, 748 [1997]). Furthermore, whether the harassment of Lepore constituted retaliation against both her and Grace for the filing of his complaint presented a credibility issue for the Board to resolve and, thus, we find that, having credited claimants' version of events, substantial evidence supports the Board's determination that good cause existed for Grace to leave his employment (*see Matter of Miles [Commissioner of Labor]*, 54 AD3d 467, 468 [2008]; *Matter of Ramos [Commissioner of Labor]*, 306 AD2d 791 [2003]).

Finally, we find no merit to the employer's contention that it was deprived of due process, where it expressly was advised of and acknowledged that it understood its rights and the procedures to be followed during the hearing and was given the opportunity to present evidence and witnesses and cross-examine claimants (*see Matter of Rogers [Commissioner of Labor]*, 38 AD3d 1117, 1118 [2007]; *Matter of Grogan [Royal Temporaries, Inc./Stafkings—Commissioner of Labor]*, 19 AD3d 972, 973 [2005]). The employer's remaining contentions have been considered and rejected.

Peters, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.