Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 27, 2009, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a per diem clinical registered nurse who provided supplemental coverage in the presurgical unit for the employer. In June 2007, the employer implemented a policy change that required nurses to acknowledge that they had witnessed patients sign an informed consent form, regardless of whether they actually witnessed the signature or simply confirmed the signature with the patient after the fact. Claimant, also an attorney, expressed concern over this new policy, believing that compliance could subject her to professional discipline. When claimant was instructed to adhere to the policy and *732 that no change was imminent, she asked to be removed from the nursing schedule and, at some time thereafter, she effectively resigned. Claimant applied for unemployment insurance benefits and the Department of Labor issued an initial determination finding that she was disqualified for having left her employment without good cause. Following a hearing, an Administrative Law Judge reversed the initial determination and found that claimant was entitled to benefits because the employer’s failure to address her valid concerns gave her good cause to leave her employment. The Unemployment Insurance Appeal Board upheld that determination, and the employer now appeals.
We affirm. Whether good cause exists for a claimant to leave employment is á factual issue to be resolved by the Board, and its determination will not be disturbed if supported by substantial evidence, notwithstanding the fact that evidence exists, that would support a different result (see Matter of Grace [Astrocom Elees., Inc.—Commissioner of Labor], 69 AD3d 1156, 1157 [2010]; Matter of Fahey [Youner—Commissioner of Labor], 41 AD3d 1124, 1125 [2007]). Under the circumstances here, substantial evidence exists to support the determination that the employer failed to respond to claimant’s concerns within a reasonable time, even though the employer’s general counsel admitted that a professional disciplinary complaint could be filed against an employee who adhered to the policy. In fact, the policy was revised, and the informed consent form modified, in late August 2007 to acknowledge the difference between witnessing and verifying a signature, primarily in response to claimant’s complaints. As such, we find that substantial evidence supports the Board’s finding the claimant had good cause to leave her employment.
Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.