■ In the Matter of the Claim of JELENA PETROV, Respondent. BRAGARD INC., Appellant; COMMISSIONER OF LABOR, Respondent. [947 NYS2d 227]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 17, 2011, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as an administrative assistant for a uniform company. Following an incident in which the chief operating officer of the company held a wire or strap around claimant's neck in front of two coworkers, claimant became upset, packed her things and left her job. She subsequently applied for unemployment insurance benefits. The Department of Labor initially disqualified her from receiving benefits on the basis that she voluntarily left her employment without good cause, charged her with a recoverable overpayment of benefits as well as federal additional compensation benefits and imposed a forfeiture penalty after finding that she had made a willful misrepresentation to obtain benefits. Following a hearing, an Administrative Law Judge sustained these determinations. The Unemployment Insurance Appeal Board, however, modified the Administrative Law Judge's decision and ruled, among other things, that claimant was entitled to receive benefits. The employer now appeals.

"Whether a claimant has voluntarily left employment is a factual issue to be resolved by the Board, and its determination will not be disturbed so long as it is supported by substantial evidence, despite the existence of evidence which would have supported a contrary result" (*Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor]*, 69 AD3d 1156, 1157 [2010] [citations omitted]). Credibility issues arising from conflicting witness testimony are for the Board to resolve (*see Matter of Messado [City of New York—Commissioner of Labor]*, 76 AD3d 740, 741 [2010]). Here, the Board credited the testimony of claimant and her coworker that the employer's chief operating officer placed a strap or wire around claimant's neck without her permission, which caused claimant to suffer fear and emotional distress. Under the particular circumstances presented here, we cannot say that the Board's determination that good cause existed for claimant to leave her employment is unsupported by

the record (*see Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor]*, 69 AD3d at 1157).

Peters, P.J., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.