■ In the Matter of the Claim of CHRISTINA GASCON, Respondent. ELECTRON COIL, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [986 NYS2d 706]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 24, 2013, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant filed a claim for unemployment insurance benefits after she quit her job with the employer in December 2011. Claimant maintained that she quit due to persistent and escalating sexual harassment by her supervisor, the owner. Following an initial determination that claimant was entitled to unemployment insurance benefits, the employer requested a hearing. After the hearing, an Administrative Law Judge (hereinafter ALJ) upheld the initial determination. Upon review, the Unemployment Insurance Appeal Board affirmed, prompting this appeal.

Whether a claimant has left employment for good cause so as to qualify for unemployment insurance benefits is a factual issue to be resolved by the Board and its determination will be upheld if supported by substantial evidence (*see Matter of Petrov [Bragard Inc.—Commissioner of Labor]*, 96 AD3d 1339, 1339 [2012]; *Matter of Garside [Commissioner of Labor]*, 73 AD3d 1420, 1420 [2010]). Based upon claimant's testimony concerning various and continuing incidents of sexual harassment by the owner and, in particular, a final incident that precipitated her departure from employment, we find that the record contains substantial evidence supporting the Board's determination (*see Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor]*, 69 AD3d 1156, 1157 [2010]; *Matter of Braband [RF Tech.—Sweeney]*, 239 AD2d 627, 628 [1997]). Although the owner denied engaging in the conduct alleged by claimant, and the employer provided statements of other employees indicating that they had no knowledge of the allegations of sexual harassment, this evidence presented a credibility determination for the Board to resolve (*see Matter of Petrov [Bragard Inc.—Commissioner of Labor]*, 96 AD3d at 1339; *Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor]*, 69 AD3d at 1157). Furthermore, the employer's due process claims are unavailing. When asked by the ALJ, the employer denied that it wished to offer any further testimony. Finally, the ALJ did not err in denying the employer's request to subpoena a file of the Division of

Human Rights regarding an unrelated complaint made by claimant over 10 years earlier, as the requested documents were neither material nor relevant to the issues raised during this proceeding (*see Matter of Wedgle [Commissioner of Labor]*, 99 AD3d 1139, 1140 [2012]; *Matter of Monroe [Commissioner of Labor]*, 270 AD2d 558, 559 [2000]).

Lahtinen, J.P., Stein, Garry and Rose, JJ., concur. Ordered that the decision is affirmed, with costs.