*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519774
_____

In the Matter of the Claim of
    KRISTIN M. SCIORTINO,
                    Respondent.

SALINA FREE LIBRARY,                        MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Law Office of Keith D. Miller, Liverpool (Keith D. Miller
of counsel), for appellant.

        Michelle I. Rosien, Philmont, for Kristin M. Sciortino,
respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 23, 2014, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        Claimant worked as the circulation coordinator at a public
library for seven years.  After she resigned from her position,
her application for unemployment insurance benefits was initially
denied, and the denial was upheld by an Administrative Law Judge
following a hearing.  The Unemployment Insurance Appeal Board,
however, reversed and found that claimant was entitled to receive
benefits.  The employer now appeals.

"'Whether a claimant has good cause to leave his or her employment is a factual determination to be made by the Board, and its decision will not be disturbed when supported by substantial evidence'" (Matter of Cottone [Marion-Palmieri Agency, Inc.—Commissioner of Labor], 109 AD3d 1044, 1045 [2013], quoting Matter of Heller [Paragon Motors of Woodside, Inc.-Commissioner of Labor], 83 AD3d 1229, 1229 [2011]; see Matter of Malone [Commissioner of Labor], 117 AD3d 1306, 1306 [2014]). Here, claimant testified to an ongoing conflict between her and the technology coordinator at the library. The Board specifically credited claimant's testimony that another employee reported to claimant that the technology coordinator had been monitoring claimant's whereabouts and activities during claimant's breaks. Claimant's supervisor agreed that when claimant brought these facts, along with other facts regarding the technology supervisor's actions, to the supervisor's attention, the supervisor offered no assistance to claimant. Claimant sought further assistance from management, but was told that she would not receive assistance without the support of her supervisor. Deferring to the Board's credibility determinations (see Matter of Malone [Commissioner of Labor], 117 AD3d at 1306-1307; Matter of Mielewski [Sweeney], 227 AD2d 805, 806 [1996]), there was substantial evidence for the Board's findings that claimant's employer failed to take even minimal steps to confirm or refute the alleged report that the technology coordinator had been inappropriately monitoring claimant's whereabouts and activities during claimant's breaks. We find no reason to disturb the Board's determination that such inaction by the employer provided good cause for claimant to leave her employment (see Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor], 69 AD3d 1156, 1157 [2010]; compare Matter of Mielewski [Sweeney], 227 AD2d at 806).[1]

The employer's remaining contentions are without merit.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

---

[1] We disregard the employer's provision of documentation that is outside the record (see Matter of Green [Village of Hempstead—Commissioner of Labor], 80 AD3d 954, 955 [2011]).

-3-                          519774

ORDERED that the decision is affirmed, without costs.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court