■ In the Matter of the Claim of THERESA RUGGIERI, Appellant. COMMISSIONER OF LABOR, Respondent. [709 NYS2d 713] —Mercure, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 1998, which ruled, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because she refused an offer of suitable employment without good cause.

Following the termination of claimant's employment as a teacher, she applied for unemployment insurance benefits and also placed her name on substitute teacher registries. On five separate days in January and February 1998, claimant was offered substitute teaching assignments but refused them because she had scheduled job interviews for potential full-time positions. Finding that claimant was disqualified from receiving benefits because she refused an offer of suitable employment without good cause, the Unemployment Insurance Appeal Board upheld the initial determination charging claimant with an overpayment of $1,425 in benefits recoverable pur-

suant to Labor Law § 597 (4) and reducing her right to receive future benefits by 24 effective days based upon claimant's willful misrepresentations. Claimant appeals.

While disqualification from receipt of benefits strikes us as a harsh penalty for a genuine effort to obtain full-time employment, we are constrained to affirm. It is settled law that a claimant's desire or efforts to obtain full-time employment do not constitute good cause for refusing an offer of temporary employment (*see, e.g.*, *Matter of Zimmerman [Commissioner of Labor]*, 252 AD2d 648, *appeal dismissed* 92 NY2d 1025; *Matter of Cancellieri [Sweeney]*, 231 AD2d 769; *Matter of Wachtel [Hartnett]*, 168 AD2d 773; *Matter of McCarthy [Ross]*, 82 AD2d 1014). We were recently faced with a highly analogous fact pattern in the case of *Matter of Livingston (Commissioner of Labor)* (268 AD2d 665), and upheld the Board's determination that the refusal of a temporary one-day assignment in order to attend a scheduled job interview for full-time employment constituted refusal of an offer of suitable employment without good cause (*see,* Labor Law § 593 [2]). We therefore conclude that substantial evidence supports the Board's decision.

Claimant's additional contentions, including her argument based upon *Matter of Schmidt (Vestal Cent. School Dist.— Roberts)* (100 AD2d 655, *lv denied* 63 NY2d 609), are either unpreserved or have been considered and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.