■ In the Matter of the Claim of Richard Aloia, Appellant. Commissioner of Labor, Respondent. [717 NYS2d 696] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 16, 1999, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he had a reasonable assurance of continued employment.

Claimant, a substitute teacher, worked on a per diem basis during the 1995-1996 academic year. During the 1996 summer recess, he applied for, and collected, unemployment insurance benefits. The Unemployment Insurance Appeal Board determined that claimant was ineligible to receive benefits based on, *inter alia*, its finding that claimant had a reasonable assurance of continued employment. The Board further determined, *inter alia*, that claimant had willfully misrepresented his right to receive benefits, charged him with an overpayment and reduced his right to receive future benefits. Claimant appeals.

We affirm. "Whether a claimant received a reasonable assurance of employment is a factual issue for the Board to resolve and such determination, if supported by substantial evidence, will not be disturbed [citation omitted]" (*Matter of Makis [Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.—Commissioner of Labor]*, 251 AD2d 928, 929). Here, the record supports the Board's finding that claimant received a letter from the employer in June 1996 indicating that he would be rehired on the same terms for the following school year. Accordingly, we find that substantial evidence supports the Board's finding that claimant received reasonable assurance of employment for the 1996-1997 school year (*see, Matter of Hammond [Commissioner of Labor]*, 252 AD2d 638; *Matter of Makis [Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.—Commissioner of Labor]*, *supra*, at 929). We also conclude that there is substantial evidence in the record to support the Board's determination that claimant willfully misrepresented his eligibility to receive unemployment insurance benefits. Claimant's assertions that he failed to disclose certain employment information because he misunderstood his eligibility requirements and because he was given erroneous information by an employee of the Department of Labor created a credibility issue for resolution by the Board (*see, Matter of Barr [Commissioner of Labor]*, 270 AD2d 522). Claimant's remaining contentions, including his assertion that other similarly situated employees were not charged with overpayment of benefits, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.