■ In the Matter of the Claim of STEVEN SULYOK, Appellant. COMMISSIONER OF LABOR, Respondent. [739 NYS2d 496] —Appeal

from a decision of the Unemployment Insurance Appeal Board, filed January 23, 2001, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant held various jobs during the day at a time when he also held the position of live-in superintendent of a six-story office/apartment building. In this capacity, he was paid a weekly salary and was given a rent-free apartment, including utilities. Claimant testified that his wife contributed her efforts toward maintaining the building which enabled him to complete most of his janitorial duties on Tuesdays and Thursdays. When claimant was discharged from his daytime employment, he applied for unemployment insurance benefits, certifying that he continued to be employed as a building superintendent two days per week and was unemployed for the remaining three days of the work week.

The Unemployment Insurance Appeal Board ultimately ruled that claimant was ineligible for unemployment insurance benefits because he was not totally unemployed three days per week, as he had represented on his application. The Board also ruled that claimant made willful misrepresentations to obtain benefits. Substantial evidence supports the Board's decision. The record discloses that claimant was required to be "on call" to handle the needs of the building's tenants during nonbusiness hours seven days a week, that he usually reviewed tenants' requests for service each evening and that he sometimes responded to tenants' calls on evenings other than Tuesday and Thursday. Such work-related duties, while arguably minimal, can be construed as "employment" within the meaning of the Labor Law (see, Matter of Bundschuh [Commissioner of Labor], 288 AD2d 745; Matter of Koenigsamen [Commissioner of Labor], 283 AD2d 825).

We find no reason to disturb the Board's assessment of a forfeiture of benefit days and a recoverable overpayment of benefits based upon its finding that claimant willfully misrepresented his employment status. Having been issued an unemployment insurance handbook, claimant cannot persuasively argue that he was ignorant of the rule requiring that any employment-related services performed by a claimant on a given day constitute "employment" which must be reported (see, Matter of Schenker [Commissioner of Labor], 284 AD2d 765; Matter of Remchuk [Commissioner of Labor], 283 AD2d 701).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.