■ In the Matter of the Claim of DWIGHT F. DAVIS, Appellant. COMMISSIONER OF LABOR, Respondent. [747 NYS2d 59]

As the employee of a temporary services agency, claimant was assigned to various types of employment, the last of which was a job as an assembler at a packaging center. Claimant was receiving unemployment insurance benefits when the employer offered him another assignment as an assembler. Claimant declined the offer, purporting to be dissatisfied with the nature of the work and the rate of pay, which was lower than that

which he had received at his previous assignment. Claimant also stated that he would only accept employment as a forklift operator or as a shipping and receiving clerk. Subsequently, claimant alleged that a medical condition prevented him from performing jobs that required lifting. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he refused suitable employment without good cause.

In general, a claimant who rejects employment for which he or she "is reasonably fitted by training and experience" is disqualified from receiving unemployment insurance benefits (Labor Law § 593 [2]; see Matter of Honness [Commissioner of Labor], 253 AD2d 964, 965; Matter of Tosto [Commissioner of Labor], 249 AD2d 672, 673). It is undisputed that claimant had the training and experience to perform the offered position as an assembler, the duties of which were virtually identical to those which he had successfully performed in his last job assignment. Claimant's dissatisfaction with the wages payable for the new job does not constitute good cause for rejecting it (see Matter of Heller [Sweeney], 240 AD2d 791, 792).

We also reject claimant's argument that his alleged medical condition requires a contrary result as he has presented no medical proof demonstrating that he suffered from a physical disability that would have prevented him from performing the job-related duties of an assembler (see Matter of Scarlino [Sweeney], 243 AD2d 800). His allegation that his employment potential is limited by a physical infirmity raises, at best, an issue of credibility for resolution by the Hearing Officer (see Matter of Hibbard [Sweeney], 227 AD2d 698). We conclude that substantial evidence supports the decision finding that claimant left his employment under disqualifying circumstances; hence, it will not be disturbed.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.