■ In the Matter of the Claim of JULIA CORCORAN, Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 210] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 21, 2002, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because she refused an offer of suitable employment without good cause.

Claimant's employer, an agency that located temporary and permanent employment for its clients, assigned claimant the job of temporary school secretary. After this assignment ended, claimant rejected the employer's offer of another temporary secretarial position, explaining that temporary work would interfere with her efforts to find permanent employment. Claimant then applied for and received unemployment insurance benefits, certifying that she had not refused a job offer during the previous week. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits on the ground that she had refused an offer of suitable employment without good cause and charged her with a recoverable overpayment of benefits on the ground that by denying the employer's offer of a temporary position, she had made willful false statements to obtain benefits.

It is well settled that a claimant's efforts to obtain full-time employment do not constitute good cause for refusing an offer of temporary employment and that a refusal thereof may disqualify a claimant from receiving benefits (see Matter of Ruggieri [Commissioner of Labor], 273 AD2d 723, 724 [2000]; Matter of Zimmerman [Commissioner of Labor], 252 AD2d 648 [1998], appeal dismissed 92 NY2d 1025 [1998]). Claimant attempts to excuse her disqualifying actions and willful false statements on the ground that she was ignorant of the relevant provisions of the Labor Law. As claimant admitted in her hearing testimony that she received the unemployment insurance information handbook, she cannot persuasively argue that she was ignorant of the requirements applicable to her situation (see Matter of Karpien [Commissioner of Labor], 297 AD2d 855, 856 [2002]; Matter of Sulyok [Commissioner of Labor], 293 AD2d 803, 804 [2002]). Substantial evidence supports the Board's ruling that claimant was disqualified from receiving benefits and that the benefits paid to her were recoverable; hence, its decision will not be disturbed.

Mercure, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.