■ In the Matter of the Claim of KIM M. FAIR, Appellant. COMMISSIONER OF LABOR, Respondent. [810 NYS2d 575]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 27, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits effective April 4, 2003 because she refused an offer of suitable employment without good cause.

Claimant, who had experience and training in the use of computers, was employed at a temporary personnel placement agency from December 2000 until December 2002. On her last assignment, she worked at a company as a help desk technician earning $21 per hour. After this assignment ended, she applied

for and received unemployment insurance benefits. Following extended proceedings, on February 27, 2004, the Unemployment Insurance Appeal Board ruled, among other things, that claimant was disqualified from receiving benefits effective April 4, 2003 because she refused an offer of suitable employment without good cause. The Board also charged her with a recoverable overpayment of benefits in the amount of $6,205.50 pursuant to Labor Law § 597 (4). Claimant now appeals.*

Initially, we note that "[a] claimant who refuses to accept a job for which he or she is reasonably suited by training and experience will be disqualified from receiving unemployment insurance benefits" (*Matter of Guzenski [Commissioner of Labor]*, 20 AD3d 801, 802 [2005]; *see* Labor Law § 593 [2]). In the case at hand, the employer's placement supervisor testified that on April 3, 2003 she offered claimant a software test position at another company requiring strong hardware skills which claimant possessed and had demonstrated in her prior position. She stated, however, that claimant refused the offer because the compensation of $17.50 per hour was not sufficient even though it was more than the prevailing wage. Claimant testified that the offer involved a position performing software applications for which she had no training and paid only $16.50 per hour. She denied refusing it because she wanted more money. Although the employer and claimant gave different versions of the circumstances surrounding the April 3, 2003 job offer and claimant's refusal to accept it, this created a credibility issue for the Board to resolve (*see Matter of Palmer [Commissioner of Labor]*, 265 AD2d 787, 787 [1999]). Inasmuch as the testimony of the employer's placement supervisor establishes that claimant unjustifiably refused an offer of employment for which she was reasonably suited by training and experience, substantial evidence supports the Board's decision. Moreover, given that claimant failed to report her refusal of employment even though she received an employee handbook informing her of the consequences, she was properly charged with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) (*see Matter of Restivo [Commissioner of Labor]*, 24 AD3d 1007, 1008 [2005]).

---

* The Board subsequently reopened its February 27, 2004 decision on its own motion after the case was remanded for a further hearing before an Administrative Law Judge. In a subsequent decision, the Board rescinded its February 27, 2004 decision, but again found, among other things, that claimant was disqualified from receiving unemployment insurance benefits effective April 4, 2003 because she refused an offer of suitable employment without good cause. Although claimant has not appealed from the subsequent decision, it is reviewable on this appeal as it is substantially the same as the February 27, 2004 decision and remains adverse to claimant (*see Matter of Hotaling [Commissioner of Labor]*, 8 AD3d 766, 766 [2004]).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.