In the Matter of the Claim of ELIZABETH KURTZ, Appellant. RUSH HENRIETTA CENTRAL SCHOOL DISTRICT, Respondent; COMMISSIONER OF LABOR, Respondent. [829 NYS2d 721]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 28, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she refused an offer of suitable employment without good cause.

Claimant held a probationary position as an art teacher working for the Rush Henrietta Central School District during the 2003-2004 school year. Although her position was abolished effective July 1, 2004, the District offered her a position as a long-term substitute art teacher for the first semester of the 2004-2005 school year to replace a teacher who was on maternity leave. The District made the offer in May 2004 and again in July 2004, but claimant did not accept it. Claimant filed a claim for unemployment insurance benefits effective June 28, 2004 and received a total of $4,050 until the District filed an objection. Following various hearings, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because she refused an offer of suitable employment without good cause. It further reduced her right to receive

future benefits by eight effective days on the ground that she made a willful misrepresentation and charged her with a recoverable overpayment. Claimant appeals.

We affirm. A claimant who rejects employment for which he or she is reasonably suited by training and experience will be disqualified from receiving unemployment insurance benefits (*see Matter of Guzenski [Commissioner of Labor]*, 20 AD3d 801, 802 [2005]; *Matter of Davis [Commissioner of Labor]*, 297 AD2d 851, 852 [2002]). Here, it is undisputed that claimant possessed the qualifications necessary to perform the duties of a long-term substitute art teacher. The fact that it was a temporary position is not a legitimate reason for claimant's failure to accept it (*see e.g. Matter of De Marco [Commissioner of Labor]*, 9 AD3d 732, 732 [2004]; *Matter of Faillace [Commissioner of Labor]*, 308 AD2d 654 [2003]). Significantly, the District's human resources director testified that claimant would have received wages and benefits similar to those she received as a probationary art teacher. Claimant's misunderstanding of the terms of the offer and her failure to make further inquiry concerning the same do not excuse her inaction. Furthermore, claimant's admitted failure to disclose the job offer when certifying for benefits supports the Board's finding that she made a willful misrepresentation and its decision to charge her with a recoverable overpayment (*see Matter of De Marco [Commissioner of Labor], supra* at 732; *Matter of Spina [Commissioner of Labor]*, 7 AD3d 870, 870-871 [2004]). Her assertion that she was misled by a Department of Labor representative in this regard presented an issue of credibility for the Board to resolve (*see Matter of Aloia [Commissioner of Labor]*, 278 AD2d 650, 651 [2000]). Therefore, we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.