■ In the Matter of the Claim of HELEN ROGERS, Appellant. COMMISSIONER OF LABOR, Respondent. [833 NYS2d 277]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she refused an offer of suitable employment without good cause.

Claimant was employed by a temporary placement agency. After completing a temporary assignment which paid $20 per hour, claimant filed for and received unemployment insurance benefits. An initial determination was made that claimant was disqualified from receiving benefits because she refused an offer of employment without good cause. Claimant was also found liable for a recoverable overpayment of $3,645 and her right to future benefits was reduced by eight effective days. After a hearing, the initial determination was sustained by an Administrative Law Judge and affirmed by the Unemployment Insurance Appeal Board. Claimant appeals.

It is well settled that "[a] claimant who refuses to accept a job for which he or she is reasonably suited by training and experience will be disqualified from receiving unemployment insurance benefits" (*Matter of Guzenski [Commissioner of Labor]*, 20 AD3d 801, 802 [2005]; *see* Labor Law § 593 [2]). Here, the employer's vice-president testified that on February 25, 2005 he offered claimant a temporary secretarial position at a bank for the same pay she had received at her previous assignment, but that she refused the offer, stating that she was seeking permanent employment. This testimony provides substantial evidence to support the Board's decision. Any contradictory testimony by claimant presented a credibility issue for the Board to resolve

(*see Matter of Fair [Commissioner of Labor]*, 27 AD3d 841, 842 [2006]). Further, given that claimant failed to report the refusal of employment and continued to certify her benefits despite her receipt of an employee handbook which informed her of the consequences of such actions, claimant was properly charged with a recoverable overpayment of benefits (*see id.*; *Matter of De Marco [Commissioner of Labor]*, 9 AD3d 732 [2004]).

Finally, claimant argues that the actions of the Administrative Law Judge served to prevent her from presenting her case. Claimant was advised of her rights and the procedures to be followed during the hearing, and was given the opportunity to present evidence, object to exhibits and cross-examine witnesses. Accordingly, we find no support for claimant's contentions (*see Matter of Grogan [Royal Temporaries, Inc./Stafkings—Commissioner of Labor]*, 19 AD3d 972, 973 [2005]; *Matter of Boudreau [Commissioner of Labor]*, 253 AD2d 939 [1998]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.