In the Matter of the Claim of DAVID L. NEWMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [840 NYS2d 497]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 7, 2006, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he refused an offer of suitable employment without good cause.

Claimant worked for a temporary placement agency and, after he was no longer needed for an assignment, he applied for and received unemployment insurance benefits. During the benefit period, the employer offered him a position with another company. Claimant apparently refused the offer because it interfered with a training class that he was taking to become a bus driver. Thereafter, the Unemployment Insurance Appeal Board disqualified claimant from receiving benefits on the basis that he refused an offer of suitable employment without good cause and charged him with a recoverable overpayment pursuant to Labor Law § 597 (4). Claimant appeals.

We affirm. "A claimant who refuses to accept a job for which he or she is reasonably suited by training and experience will be disqualified from receiving unemployment insurance benefits" (*Matter of Guzenski [Commissioner of Labor]*, 20 AD3d 801, 802 [2005] [citation omitted]). Here, it is undisputed that claimant was qualified for the position in question, having previously

performed such duties. The employer's representative testified that when she called claimant to inform him of the position, he refused it and indicated that he would only be available to work the second shift due to the bus driver training class he was taking. This, together with the transcript of her telephone conversation with claimant which was read into the record at the hearing, provide substantial evidence supporting the Board's decision (*see Matter of Rogers [Commissioner of Labor]*, 38 AD3d 1117 [2007]; *Matter of Fair [Commissioner of Labor]*, 27 AD3d 841 [2006]). The conflicting testimony of claimant and his wife that he was not offered the position at issue presented a question of credibility for the Board to resolve (*see Matter of De Marco [Commissioner of Labor]*, 9 AD3d 732, 732 [2004]). Furthermore, claimant's failure to report his refusal of the offer supports the Board's imposition of a recoverable overpayment (*see Matter of Kurtz [Rush Henrietta Cent. School Dist.—Commissioner of Labor]*, 37 AD3d 895, 896 [2007]). Lastly, claimant's assertion that the telephone transcript was improperly considered as evidence is unavailing given that it was relevant to the issue at hand (*see generally* 12 NYCRR 461.4 [c]).

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.