■ In the Matter of the Claim of NICOLE L. POLADIAN, Respondent. KIMBERLY SMITHMYER, Appellant; COMMISSIONER OF LABOR, Respondent. [929 NYS2d 339]—

Claimant worked for three months as an assistant at a day care center that the employer operated out of her home. During a Christmas party at the center on December 22, 2008, the employer's husband allegedly made sexually suggestive comments toward claimant, in the employer's presence, and attempted to kiss her. The following day, claimant called the employer to express her dissatisfaction with what had transpired at the Christmas party. The employer apologized and told claimant that she could take the week off as the employer's husband would be home during this time. According to claimant, the employer instructed her to call her at the end of the week for her work schedule. The employer, on the other hand, maintained that claimant's work schedule remained unchanged and was to resume following the week off without the necessity of a telephone call. Claimant called the employer a number of times after her week off, but the employer did not return her calls. As a result of this and because claimant had filed criminal charges against the employer's husband in the interim, claimant assumed that she had been terminated. She applied for and was initially granted unemployment insurance benefits. The employer objected and a hearing was conducted before an administrative law judge (hereinafter ALJ). The ALJ ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. The Unemployment Insurance Appeal Board, however, reversed the ALJ's decision and found that claimant was eligible to receive benefits. The employer appeals.

We affirm. The Board is the final arbiter of factual matters involving questions of credibility and is not bound by the findings of an ALJ (*see Matter of Park [Stanford New York, LLC—Commissioner of Labor]*, 70 AD3d 1097, 1098 [2010]; *Matter of Horsford [Commissioner of Labor]*, 64 AD3d 1062, 1063 [2009]). The outcome in this case turns squarely on a credibility issue which the Board chose to resolve in favor of claimant and against the employer. Indeed, claimant testified that, notwithstanding the incident at the Christmas party, she called the employer after her week off to determine when to return to work, but the employer failed to return her calls which, in light of claimant's filing of criminal charges, led her to believe that she had been discharged. Notably, the employer admitted that she did not return claimant's telephone messages or make a further inquiry to ascertain why claimant did not show up for work when expected. Under these circumstances, we cannot conclude that the Board abused its discretion in finding claimant to be eligible for benefits. Therefore, we decline to disturb its decision.

Peters, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.