Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 29, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she refused an offer of suitable employment without good cause.
Claimant worked in a temporary position as a cook for a food service provider at an elementary school from April 2010 until June 2010. In August 2010, claimant’s supervisor offered her either the same position for the 2010-2011 school year or a different position at a high school for the same wage and schedule. Claimant turned down those positions in the hopes of getting a full-time salaried position with the employer and subsequently rejected another job offer from the employer due to it being at a lower rate of pay than her former position. Claimant’s applica *920 tion for unemployment insurance benefits was initially denied, due to a determination that she had refused an offer of suitable employment without good cause. Following a hearing, an Administrative Law Judge reversed, finding that claimant had not refused an offer of employment. The Unemployment Insurance Appeal Board thereafter reversed and sustained the initial determination denying benefits and charged claimant with a recoverable overpayment. Claimant appeals.
We affirm. “A claimant who refuses to accept a job for which he or she is reasonably suited by training and experience will be disqualified from receiving unemployment insurance benefits” (Matter of Schirra [Commissioner of Labor], 45 AD3d 1067, 1068 [2007] [internal quotation marks and citations omitted]; accord Matter of Stehnach [Commissioner of Labor], 62 AD3d 1192, 1192 [2009]). Further, “a claimant’s desire or efforts to obtain full-time employment do not constitute good cause for refusing an offer of temporary employment” (Matter of Ruggieri [Commissioner of Labor], 273 AD2d 723, 724 [2000]; see Matter of Stehnach [Commissioner of Labor], 62 AD3d at 1192). Moreover, “dissatisfaction with the wages payable for the new job does not constitute good cause for rejecting it” (Matter of Davis [Commissioner of Labor], 297 AD2d 851, 852 [2002]).
Here, the testimony of two representatives from the employer that claimant was offered three positions for which she was qualified and she rejected them in either the hopes of getting a salaried full-time position or due to dissatisfaction with the wages payable provides substantial evidence supporting the Board’s determination that she refused an offer of suitable employment without good cause. Although claimant testified that she was not formally offered those positions and did not reject them, this testimony created a credibility issue to be resolved by the Board (see Matter of Georgatos [Commissioner of Labor], 100 AD3d 1130, 1131 [2012]; Matter of Wedgle [Commissioner of Labor], 99 AD3d 1139, 1140 [2012]), which was not bound by the findings of the Administrative Law Judge (see Matter of Loeffler [Commissioner of Labor], 100 AD3d 1134, 1135 [2012]; Matter of Poladian [Smithmyer — Commissioner of Labor], 87 AD3d 1196, 1197 [2011]).
Rose, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.