*1252 Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 30, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.
Prior to his discharge, claimant was employed by a paper towel manufacturing plant for more than seven years. On September 7, 2011, while the plant was on its monthly all-day shutdown for cleaning and maintenance, claimant was assigned to service a piece of equipment called the “primary fine screen” located inside a vessel which, when operating, has large volumes of water and pulp run through it from a pump located on another floor. Due to safety concerns, the employer’s procedures strictly require that all employees working on this machine always apply a personal lock to the part of the machine that the employee is servicing, which prevents the machine from being accidentally turned on during servicing. While claimant was familiar with this procedure and was on the employer’s safety committee, he testified that, on the subject day, he was tired from climbing the stairs and when he could not immediately find an empty slot to attach his personal lock, he instead affixed it to another employee’s lock rather than going to look for a device that would expand the spaces available for locks. Later that day, when he saw his lock on the floor near the machine, claimant reported to the plant manager that he had made a mistake and did not follow the proper lockout procedure. Claimant was originally suspended, and later discharged, for his failure to follow the lock-out safety procedure. While an Administrative Law Judge upheld an initial determination disqualifying claimant from receiving unemployment benefits on the basis that he lost his job as a result of misconduct, the Unemployment Insurance Board reversed that decision, ruling that claimant was eligible for benefits. The employer appeals.
We affirm. “Not every discharge for cause rises to the level of misconduct disqualifying a claimant from receiving unemployment insurance benefits” (Matter of Donovan [Bay Orthopedic & Rehabilitation Supply Co.—Commissioner of Labor],
96 AD3d 1312, 1312 [2012] [citations omitted]; see Matter of Morris [Lenox Hill Neighborhood House Inc.—Commissioner of Labor], 110 AD3d 1333, 1334 [2013]). Here, the Board, in its capacity as the “final arbiter of factual matters involving questions of credibility” (Matter of Poladian [Smithmyer—Commissioner of Labor], 87 AD3d 1196, 1197 [2011]), found it significant that, while claimant did not lock out the machine properly, *1253 this was the first time that he was disciplined for violating this procedure, and he “self-reported the matter to the employer.” Although disqualifying misconduct can be found where an employee disregarded “an employer’s established procedures and policies, particularly where it is potentially detrimental to the employer’s best interest” (Matter of Chohan [Commissioner of Labor], 108 AD3d 920, 921 [2013] [internal quotation marks and citation omitted]; see Matter of Heath [Commissioner of Labor], 304 AD2d 944, 944 [2003]), here, there was proof in the record confirming that claimant’s lapse in judgment resulted in little risk of injury to him due to the lack of water and paper products in the system during the shutdown. Under the particular circumstances herein, we conclude that there is substantial evidence supporting the Board’s decision, regardless of proof that would support a contrary result (see Matter of Kuryla [Finger Lakes Community Coll.—Commissioner of Labor], 45 AD3d 1129, 1130 [2007]).
The employer’s remaining contention has been reviewed and found to be lacking in merit.
Peters, EJ., Stein, McCarthy and Rose, JJ., concur.
Ordered that the decision is affirmed, without costs.