◼ In the Matter of the Claim of JARED T. BREWTON, Appellant. GROUNDHOG ENTERPRISES, Respondent; COMMISSIONER OF LABOR, Respondent. [987 NYS2d 468]—

Egan Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 13, 2011, which, upon

reconsideration, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant quit his employment as an appointment scheduler on November 15, 2010, advising the employer that he had found another job. When claimant learned later that same day that the position was no longer available, he did not inform his former employer but, instead, applied for unemployment insurance benefits. After hearings were held, an Administrative Law Judge concluded that claimant never had a firm job offer prior to leaving his position with the employer and sustained the initial determination denying claimant benefits upon the ground that he had voluntarily separated from employment without good cause. The Unemployment Insurance Appeal Board affirmed in a decision filed December 13, 2011. Claimant's subsequent appeal to this Court was held in abeyance pending further administrative proceedings. The Board ultimately reopened the matter on its own motion and remanded for a hearing on whether to consider the additional reasons advanced by claimant for quitting his job, including that he had been harassed. Following additional hearings, the Board, in a decision filed July 12, 2013, determined that good cause had not been shown to consider new evidence regarding claimant's additional reasons for quitting his job and, further, that the evidence did not establish that claimant had a bone fide job offer at the time he left his position. Accordingly, the Board again sustained the initial determination denying unemployment insurance benefits because claimant left his employment without good cause.*

Substantial evidence support the Board's determination that claimant was disqualified from receiving unemployment benefits because he voluntarily left his employment without good cause when he resigned without a firm job offer from another employer (see Matter of Cisneros [Commissioner of Labor], 18 AD3d 1000, 1001 [2005]; Matter of Barry [Commissioner of Labor], 284 AD2d 701, 701 [2001]). Although claimant contended that he had a definite job offer, he did not present any competent evidence thereof, and the record otherwise established only that his mother had informed him of a job prospect, and that he had never spoken with or met the prospective employer. Any conflicting evidence presented a credibility issue for the Board to

---

* While claimant did not file a notice of appeal from the Board's July 12, 2013 decision, that decision is reviewable by this Court on claimant's pending appeal, given that it remains adverse to him and is substantially the same as the Board's December 13, 2011 decision (see Matter of Fair [Commissioner of Labor], 27 AD3d 841, 842 n [2006]).

resolve (*see Matter of Gillette [Commissioner of Labor]*, 264 AD2d 877, 877 [1999]). Thus, we find no reason to disturb the Board's decision that claimant voluntarily left his employment without good cause (*Matter of Weiss [Commissioner of Labor]*, 6 AD3d 1024, 1025 [2004]; *Matter of Gillette [Commissioner of Labor]*, 264 AD2d at 877]).

Further, we discern no abuse of discretion by the Board, after reopening and reconsidering the matter and directing further hearings, in finding that good cause did not exist to warrant its consideration of additional, previously undisclosed evidence regarding claimant's reasons for quitting his job (*see* Labor Law § 621 [3]). As the Board noted, claimant never disclosed—either to the Department of Labor or at the initial hearing—any reason for leaving his employment other than to take another position. Additionally, the Board found claimant's explanation at the reopened hearings for not timely asserting his additional reasons for quitting to be unpersuasive. Under these circumstances, we find that the Board acted within its discretion in precluding consideration of any additional reasons for claimant's resignation (*see Matter of Miller [Commissioner of Labor]*, 9 AD3d 567, 568 [2004]).

Peters, P.J., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.