*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015      519380
      519381
      519382

_____

In the Matter of the Claim of
   RICARDO K. VOISIN,
          Respondent.

DYNAMEX OPERATIONS EAST, INC.,
          Appellant.

COMMISSIONER OF LABOR,
          Respondent.

(Claim No. 1.)
_____

In the Matter of the Claim of
   RAMDEO S. RAMSARAN,
          Respondent.

DYNAMEX OPERATIONS EAST, INC.,      MEMORANDUM AND ORDER
          Appellant.

COMMISSIONER OF LABOR,
          Respondent.

(Claim No. 2.)
_____

In the Matter of the Claim of
   GEORGE P. KAMBOURIS,
          Respondent.

DYNAMEX OPERATIONS EAST, INC.,
          Appellant.

COMMISSIONER OF LABOR,
          Respondent.

(Claim No. 3.)
_____

Calendar Date:   October 14, 2015

Before:   Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

_____

        Jasinski PC, Newark, New Jersey (Erin L. Henderson of counsel), for appellant.

        Michelle I. Rosien, Philmont, for Ricardo K. Voisin and others, respondents.

        Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.

_____

McCarthy, J.

        Appeals from six decisions of the Unemployment Insurance Appeal Board, filed November 26, 2013, November 27, 2013 and December 6, 2013, which ruled, among other things, that Dynamex Operations East, Inc. is liable for unemployment insurance contributions on remuneration paid to claimants and others similarly situated.

        Dynamex Operations East, Inc. is a logistics company that operates, among other things, a same-day pickup and delivery service specializing in the health care field.  Claimants were couriers engaged by Dynamex for its same-day delivery business. The Unemployment Insurance Appeal Board determined that an employer-employee relationship existed between claimants and Dynamex, that claimants were entitled to unemployment insurance benefits and that Dynamex was liable for unemployment insurance contributions for remuneration paid to claimants and others

similarly situated.  Dynamex now appeals.[1]

"Whether an employer-employee relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of Jennings [American Delivery Solution, Inc.—Commissioner of Labor], 125 AD3d 1152, 1152 [2015] [internal quotation marks and citations omitted]; see Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120 AD3d 1498, 1499 [2014]).  "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor], 56 AD3d 854, 855 [2008] [citations omitted]; accord Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1133 [2014]).

Here, the record contains evidence that claimants were required to wear uniforms identifying themselves as being contracted through Dynamex.  Claimants were also issued Dynamex identification cards.  Further, claimants were bound by a one-year noncompetition restriction following their termination with Dynamex.  Claimants would advise Dynamex when they were available to work and Dynamex would then assign pickups and deliveries to them within their general geographic location.  Claimants were required to complete their assignments the same day and provide Dynamex with proof of delivery.  Dynamex handled customer complaints and would bill its customers and pay claimants weekly, based upon commissions for the services performed, even if the customer did not pay Dynamex.  Contrary to the employer's

---

[1] The Board reopened the November 26, 2013 decisions regarding claimant Ricardo K. Viosin to correct an error and issued new decisions on December 4, 2013.  Although Dynamex has not appealed from the subsequent decisions, they are reviewable as they are substantially the same as the November 26, 2013 decisions (see Matter of Fair [Commissioner of Labor], 27 AD3d 841, 842 n [2006]).

contention, there is substantial evidence in the record to support the Board's finding that claimants were employees of Dynamex and that Dynamex was liable for unemployment insurance contributions based upon remuneration paid to them and others similarly situated (see Matter of Youngman [RB Humphreys Inc.–Commissioner of Labor], 126 AD3d 1225, 1226-1227 [2015], lv dismissed 25 NY3d 1192 [2015]; Matter of Kelly [Frank Gallo, Inc.–Commissioner of Labor], 28 AD3d 1044, 1044-1045 [2006], lv dismissed 7 NY3d 844 [2006]; Matter of Cabellero [Reynolds Transp.–Hudacs], 184 AD2d 984, 984 [1992]).  Accordingly, the decisions will not be disturbed.

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court