Appeals from two decisions of the Unemployment Insurance Appeal Board, filed June 3, 2014, which ruled, among other things, that Dynamex Operations East, Inc. is liable for unemployment insurance contributions on remuneration paid to claimants and others similarly situated.
Dynamex Operations East, Inc. provided delivery services for its clients and, in connection therewith, contracted with *1080 claimant to be a delivery driver to pick up and deliver parcels as needed by the clients. Following claimant’s application for unemployment insurance benefits, the Unemployment Insurance Appeal Board ruled that claimant was an employee of Dynamex, that he was entitled to receive unemployment insurance benefits and that Dynamex was liable for additional unemployment insurance contributions on remuneration paid to claimant and those similarly situated. Dynamex appeals.
In Matter of Voisin [Dynamex Operations E., Inc.—Commissioner of Labor] (134 AD3d 1186, 1187-1188 [2015]), this Court affirmed findings by the Board that certain claimants performing similar delivery services for Dynamex, under contracts that are identical in all relevant respects to claimant’s contract herein, were employees entitled to unemployment insurance benefits. Similar indicia of control identified in Voisin to establish an employer-employee relationship are present herein, particularly with regard to the need for claimant to wear a uniform and have a badge identifying himself as being contracted with Dynamex, the assignment of pickups and deliveries, the manner in which claimant was paid, the handling of complaints and the one-year noncompetition restriction following the termination of services. As such, we find that there is substantial evidence to support the Board’s decision (see id. at 1187-1188; Matter of Watson [Partsfleet Inc.—Commissioner of Labor], 127 AD3d 1461, 1462 [2015]).
Peters, P.J., McCarthy, Lynch and Devine, JJ., concur.
Ordered that the decisions are affirmed, without costs.