Matter of Hosang (Crystal Cargo Inc.--Commissioner of Labor) (2022 NY Slip Op 00921)





Matter of Hosang (Crystal Cargo Inc.--Commissioner of Labor)


2022 NY Slip Op 00921


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532729
[*1]In the Matter of the Claim of Reinaldo Hosang, Respondent. Crystal Cargo Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 4, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Peter Fidopiastis, Glens Falls, for appellant.
Bruce Evans Knoll, Albany, for Reinaldo Hosang, respondent.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.



Lynch, J.
Appeals from two decisions of the Unemployment Insurance Appeals Board, filed June 19, 2020, which ruled, among other things, that Crystal Cargo Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Crystal Cargo Inc. is a logistics company that, among other things, offers delivery services for clients in the metropolitan New York City area. Claimant delivered packages for Crystal Cargo from January 2015 to August 2016 pursuant to an independent contractor agreement. Crystal Cargo, in turn, paid claimant through a third-party administrator, and claimant was issued a 1099 form for such services. Claimant also worked as a dispatcher for Crystal Cargo from September 2016 to June 2017, during which time he admittedly was deemed to be an employee of that entity and was issued a W-2 form in connection therewith. While working as a dispatcher, claimant was permitted to supplement his income by performing delivery services as well.
Claimant applied for unemployment insurance benefits in June 2017, and the Department of Labor initially ruled that claimant was employed by Crystal Cargo as a delivery driver. Crystal Cargo objected to the claim insofar as it pertained to claimant's 1099 earnings, contending that claimant performed such services as an independent contractor. Following a hearing, an Administrative Law Judge upheld that determination, concluding that Crystal Cargo exercised sufficient supervision, direction and control over claimant's delivery services as to give rise to an employment relationship. The Unemployment Insurance Appeal Board affirmed, and these appeals ensued.
We affirm. As summarized by this Court, "[w]hether an employee-employer relationship exists is a factual question to be resolved by the Board[,] and we will not disturb its determination when it is supported by substantial evidence in the record. Substantial evidence is a minimal standard that demands only such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. Where substantial evidence exists to support a decision being reviewed by the courts, the determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions. The determination of whether an employer-employee relationship exists rests not on one single factor, but consideration is given to whether control was exercised over the results or the means used to achieve those results, with the latter factor deemed more important" (Matter of Blomstrom [Katz-Commissioner of Labor], 200 AD3d 1232, 1233 [2021] [internal quotation marks, brackets and citations omitted]; see Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d 1036, 1036-1037 [2021]; Matter of Cushman & Wakefield, Inc. [Commissioner of Labor], 154 AD3d 1034, 1034-1035 [2017]). Additionally, "the evaluation of evidence and the inferences [*2]to be drawn therefrom are within the exclusive province of the Board" (Matter of Kupiec [Commissioner of Labor], 193 AD3d 1217, 1218 [2021] [internal quotation marks and citations omitted]), and the Board is the "final arbiter" of witness credibility (Matter of Rodriguez [Ollie's Bargain Outlet, Inc.-Commissioner of Labor], 185 AD3d 1111, 1112 [2020] [internal quotation marks and citation omitted]).
Crystal Cargo points out, and the record indeed establishes, that claimant received no training as a delivery driver, was not issued any apparel or identification bearing Crystal Cargo's logo, was not required to attend any meetings, was not reimbursed for expenses, utilized his own vehicle and related equipment to make deliveries, was required to provide his own insurance and was free to reject assignments, select his own delivery routes and provide similar services to other logistics companies. That said, the Administrative Law Judge expressly credited claimant's testimony that he had a set work schedule and was required to report to a particular location each day to await dispatch instructions (see Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d at 1037; Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [2020]). Additionally, claimant testified — and the employer's representative acknowledged — that claimant was required to tender proof of delivery utilizing either a particular mobile app installed on claimant's cell phone or by calling the dispatcher (see id.; Matter of Voisin [Dynamex Operations E., Inc.-Commissioner of Labor], 134 AD3d 1186, 1187 [2015]). Although Crystal Cargo's representative testified that drivers such as claimant would negotiate their compensation for individual deliveries, it appears that such compensation would vary based upon the weight, location and number of items being delivered. Upon proof of delivery, Crystal Cargo would bill the client, and claimant would be paid through the third-party administrator. Further, the mobile app utilized by claimant was GPS-enabled and, although drivers such as claimant apparently had the option of turning off that feature, it appears that Crystal Cargo had the ability to track its drivers. Finally, although claimant was permitted to perform similar services for other entities, the independent contractor agreement that he executed with Crystal Cargo contained a nondurational restrictive covenant that precluded claimant from engaging in any business endeavors with any of Crystal Cargo's customers. Thus, notwithstanding other evidence in the record that could support a contrary conclusion, the record contains substantial evidence to support the Board's finding of an employment relationship (see Matter of Quesada [Columbus Mgt. Sys., Inc.-Commissioner of Labor], 198 AD3d at 1037; Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d at 1859; Matter of Voisin [Dynamex Operations E., Inc.-Commissioner [*3]of Labor], 134 AD3d at 1187). Crystal Cargo's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.